**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **HEATHER KAUFMAN,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:23-cv-11 (MTT)** |
| ) | |
| **RIVER EDGE BEHAVIORAL** ) | |
| **HEALTH CENTER, *et al.*,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff Heather Kaufman raises a variety of constitutional and state law claims arising from her alleged rape by another patient while committed to River Edge Behavioral Health Center, a mental health facility in Macon, Georgia.  Doc. 1-2. Defendant River Edge Behavioral Health Center moved for partial judgment on the pleadings on the grounds that Kaufman's failure to comply with the Georgia Tort Claims Act ("GTCA") ante litem notice requirement bars her state law claims, or in the alternative, that the assault and battery exception to the GTCA has the same effect. Doc. 3-1.  For the following reasons, that motion (Doc. 3) is **GRANTED**.

### I. BACKGROUND

Defendant River Edge Behavioral Health Center, and the community service board that governs it, Defendant River Edge Foundation, Inc., were created pursuant to O.C.G.A. § 37-2-6 "to provide mental health, developmental disabilities, and addictive diseases services to children and adults."  Doc. 1-2 ¶¶ 1-2; O.C.G.A. § 37-2-6(a).

Kaufman, while committed to River Edge on December 5, 2020, alleges she was "raped by another patient" who River Edge staff knew posed a hazard to other patients and had "previously harassed [Kaufman] in a sexual manner."  Doc. 1-2 ¶¶ 7-9.

On these facts, Kaufman brings claims against River Edge Behavioral Health Center and River Edge Foundation for (1) negligence; (2) respondeat superior; (3) a variety of theories of liability under 42 U.S.C. § 1983; and (4) punitive damages.  *Id.* ¶¶ 10-30.  River Edge Behavioral Health Center timely removed, and then moved for judgment on the pleadings on all claims except for the 42 U.S.C. § 1983 claims contained in Count III of the complaint.  Docs. 1; 3.  River Edge Foundation does not join in that motion.  Doc. 3.  Concurrent with its reply,  River Edge Behavioral Health Center, with the consent of Kaufman, moved to stay discovery pending resolution of its motion.  Doc. 5.

## II. STANDARD

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001)).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion.  *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) ("When reviewing judgment on the pleadings, we must take the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party.").

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III. DISCUSSION

The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee."  O.C.G.A. § 50-21-25(a).  Prior to filing a tort action against a state government entity, the GTCA requires a claimant to provide the Risk Management Division ("RMD") of the Department of Administrative Services ("DOAS") with an ante litem notice of claim "within 12 months of the date the loss was discovered or should have been discovered," and to send a copy of this notice to the appropriate state government entity.  O.C.G.A. § 50-21-26(a)(1)-(2).  In her response, Kaufman concedes

that because she failed to comply with the GTCA's ante litem notice requirements, her state law claims are barred.[1]  Doc. 4 at 1.  Accordingly, River Edge Behavioral Health Center's motion for partial judgment on the pleadings (Doc. 3) is **GRANTED**.  As conceded by Kaufman, her state law claims contained in Counts I, II, and IV of her complaint are barred for failure to comply with the GTCA's ante litem notice requirements, and those claims are **DISMISSED** without prejudice.[2]  Kaufman's claims against River Edge Foundation, who did not join in River Edge Behavioral Health Center's motion, remain.  Finally, because the Court has resolved River Edge Behavioral Health Center's motion for judgment on the pleadings, River Edge Behavioral Health Center's motion to stay discovery (Doc. 5) is **DENIED** as moot.  The parties **SHALL** submit a proposed discovery order by March 10, 2023.

      **SO ORDERED**, this 3rd day of March, 2023.

                           S/ Marc T. Treadwell
                           MARC T. TREADWELL, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT

---

[1] Kaufman also asks the Court to deny River Edge Behavioral Health Center's motion "to the extent it seeks to dismiss Plaintiff's claims under 42 U.S.C. § 1983."  Doc. 4 at 2.  But there is no dispute as to the viability of Kaufman's § 1983 claims—River Edge Behavioral Health Center only moved to dismiss Kaufman's state law claims.  Docs. 3; 6.  Even so, the Court notes it is well established that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (internal quotation marks and citations omitted).  And punitive damages are unavailable against municipal or state entities in 42 U.S.C. § 1983 actions.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[2] Even if Kaufman had provided the RMD of the DOAS an ante litem notice, her claims against River Edge Behavioral Health would still fail.  The GTCA is a limited waiver of sovereign immunity and does not waive such immunity "for losses resulting from … [a]ssault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights."  O.C.G.A. § 50-21-24(7).  Put differently, the State of Georgia preserves its sovereign immunity with respect to assault and battery claims—the exact type of claims Kaufman seeks to assert against it for her alleged rape.  *Georgia Mil. Coll. v. Santamorena*, 237 Ga. App. 58, 59-60, 514 S.E.2d 82, 84-85 (1999) (holding that because plaintiff's losses stem from the rape, Georgia Military College was not subject to liability under the GTCA).