IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HEATHER KAUFMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-11 (MTT) |
| | ) |
| **RIVER EDGE BEHAVIORAL** | ) |
| **HEALTH CENTER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Heather Kaufman filed this action, stemming from her alleged rape by another patient while committed to River Edge Behavioral Health Center, against Defendant River Edge Behavioral Health Center and Defendant River Edge Foundation. Doc. 1-2.  On February 12, 2024, the Court granted plaintiff counsel's motion to withdraw and ordered the plaintiff to advise the Court in writing no later than March 4, 2024, whether she plans to proceed pro se.  Doc. 26.  Nothing was filed.  Thus, the Court ordered Kaufman, no later than March 19, 2024, to show cause why this action should not be dismissed without prejudice for failure to prosecute and comply with the Court's Order.  Doc. 27.  Both orders warned Kaufman that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action.  Docs. 26; 27.  The time for compliance has again passed without a response from Kaufman.  As previously warned, the failure to comply with the Court's orders and

instructions is grounds for dismissing this case.[1]  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).  Accordingly, this action is hereby **DISMISSED** without prejudice.[2]

**SO ORDERED**, this 23rd day of April, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] Dismissal without prejudice is generally appropriate under Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'"  *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  Here, Kaufman's complaint brings claims under 42 U.S.C. § 1983, and all constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  Georgia has a two-year statute of limitations for personal injury actions.  *See* O.C.G.A. § 9-3-33.  Consequently, Kaufman's claims are likely now barred.  Based on the facts of this case, however, the Court finds both a clear record of delay or willful contempt and that lesser sanctions would be inadequate.  *See Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989).